979 F.2d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ben TORRES, Defendant-Appellant.
 No. 91-10094.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1992.
Decided Nov. 19, 1992.
 
 Before SNEED, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Torres appeals from the district court's imposition of a 20-year prison sentence following the revocation of his probation. He challenges the validity of the plea proceedings. We cannot reach the merits of Torres' claims that his plea of guilty was not voluntary and was not supported by a factual basis. Torres cannot challenge the validity of the judgment of conviction on an appeal from an order revoking probation. See United States v. Simmons, 812 F.2d 561, 563 (9th Cir.1987) (the constitutional validity of an underlying conviction cannot be collaterally attacked in a probation revocation proceeding. Such a challenge must be presented in a petition filed pursuant to 28 U.S.C. § 2255). Our jurisdiction in this appeal is limited to the question whether the facts show a violation of probation and, if so, whether the sentence ordered by the court is within the maximum limits prescribed by Congress for Torres' conduct. He has not challenged the revocation order and sentence on these grounds.
 
 
 3
 "A district court has broad discretion to revoke probation when its conditions are violated." Id. at 565. A sentence that is within the statutory limits is reviewed for abuse of discretion. United States v. Barany, 884 F.2d 1255, 1259 (9th Cir.1989), cert. denied, 493 U.S. 1034 (1990). The record shows that the sentence was within the statutory limits. In light of the serious nature of Torres' criminal conduct while on probation, the district court did not abuse its discretion in revoking probation and in imposing the maximum possible sentence.
 
 
 4
 Our disposition of the questions within our limited jurisdiction in this appeal should not be construed as an indication of our view of the merits of Torres' challenge to the voluntariness of his plea of guilty.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3